# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 09-023 |
| JACQUELINE FOREMAN-POTTINGER | SECTION "K" (6) |

## ORDER AND OPINION

Before the Court is the United States' Motion to Modify Payment Schedule (Doc.28), seeking to increase defendant Jacqueline Foreman-Pottinger's payment schedule for restitution from $250.00 per month to at least $700.00 per month under the Mandatory Victim Restitution Act ("MVRA") 18 U.S.C. § 3664(k). Having reviewed the record and the relevant law, the Court, for the reasons assigned, **DENIES** the motion.

### BACKGROUND

Foreman-Pottinger pled guilty to one count of theft of government funds in violation of 18 U.S.C. § 641. From September 2006 to April 2007, Foreman-Pottinger willfully and knowingly stole money belonging to the United States by falsely stating in her application for funds from the Louisiana Road Home Program that her primary residence on August 29, 2005, was 612 Florida Boulevard, New Orleans, Louisiana, when in fact, Foreman-Pottinger knew that her primary residence was not 612 Florida Boulevard, New Orleans, Louisiana, on that day.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties entered into a plea agreement providing that the defendant be sentenced to a term of probation to be determined by the Court. The plea agreement reserved the decision regarding restitution to the Court's discretion.

Subsequently, the Court sentenced Foreman-Pottinger to a three-year term of probation and ordered her to pay $148,078.80 in restitution to the Louisiana Road Home Program. The Court's Judgment and Commitment (J&C) Order specifically provides in pertinent part:

> The defendant shall make restitution to the Louisiana Road Home Program in the amount of $148,078.80. The payment of the restitution of $148,078.80 shall begin upon the commencement of probation, and shall be paid at a rate of $250.00 per month. The payment is subject to increase or decrease, depending on the defendant's ability to pay.

Doc. 23, pp. 4-5. The Court waived interest on the restitution judgment.

Following sentencing, the United States filed a motion to modify payment schedule and moved under the MVRA to increase Foreman-Pottinger's payment schedule for restitution from $250.00 per month to at least $700.00 per month. Foreman-Pottinger currently owes $147,578.80 in restitution.

## LAW AND ANALYSIS

The MVRA "authorizes a district court to order restitution to victims of certain offenses, including offense committed by fraud or deceit." *United States v. Leeds*, No. 08-30171, 2009 WL 909433, at *2 (5th Cir. Apr. 6, 2009). The MVRA sets forth the procedure for restitution and governs the defendant's payment schedule for restitution in this case. The MVRA provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

2

18. U.S.C. § 3664(k). Thus, once the Court orders restitution, "the order can be adjusted in response to changed circumstances." *United States v. Roush*, 452 F.Supp.2d 676, 678 (N.D.Tex. 2006). Foreman-Pottinger opposes any modification of her restitution payments contending that the Government never objected to the schedule during sentencing and that no "material change" has occurred in her circumstances warranting payment modification. Her contentions are meritorious.

"A sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(o). Pursuant to the MVRA, if an interested party provides notice to the Court of a material change in the defendant's economic circumstances, and if the victim to whom the defendant owes restitution receives notification of the change in circumstances, then the Court may adjust the defendant's restitution payment schedule or require immediate payment in full. *See* 18 U.S.C. 3664(k).

It is undisputed that Foreman-Pottinger's financial circumstances have not materially changed since sentencing when the Court imposed a monthly restitution payment of $250.00.[1] The Government offers no evidence that Foreman-Pottinger has received "substantial resources from any source, including inheritance, settlement, or other judgment" subsequent to sentencing that would permit the Court to increase Foreman-Pottinger's restitution payments. *See* 18 U.S.C. § 3664(n). Rather, the Government recites only facts regarding the defendant's finances to support its contention that Foreman-Pottinger possesses sufficient funds to pay larger monthly installments. Moreover, the Government cites no statutory authority which would permit the Court to amend the judgment in Foreman-Pottinger's criminal case to increase the amount of her monthly restitution payments without evidence that she has experienced a material change in economic circumstances

---

[1] Furthermore, the Government knew all of Foreman-Pottinger's assets during sentencing and has not discovered any previously unknown or hidden assets that could warrant adjusting Foreman-Pottinger's payment schedule.

subsequent to sentencing, nor has the Court located any such authority.

It is undisputed that the Government never contested the payment schedule for restitution before or during sentencing. The Government was familiar with Foreman-Pottinger's financial background as a result of the pre-sentencing report. Because Foreman-Pottinger's financial circumstances were known to the Court and to the Government during sentencing when the payment schedule was established, "it was incumbent on the government to speak up at that time, rather than accepting the Court's ruling without objection[.]" *Roush*, 452 F.Supp.2d at 682. Thus, the Government cannot circumvent the restitution order and the established payment schedule by merely citing funds it knew the defendant possessed prior to and at the time of sentencing.

Furthermore, the Government's reliance on *United States v. Ekong* is unavailing; *Ekong* is distinguishable. 518 F.3d 285 (5th Cir. 2007). In *Ekong*, the Government sought immediate payment of restitution through a writ of garnishment on the defendant's interest in pension benefits, not by requesting to increase the defendant's payment schedule. *Id*. at 286. The MVRA authorizes the Government to collect restitution "in the same manner that it recovers fines and by all other available means" and, pursuant to 18 U.S.C. § 3613(a), the Government may enforce a restitution order 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law.'" *Id.* (citing *United States v. Phillips*, 303 F.3d 548, 550-51 (5th. Cir. 2002)). The Fifth Circuit held that the MVRA authorized the Government to seek immediate payment of a defendant's restitution order through writ of garnishment even though the criminal judgment specified that restitution be paid in installments. *Id.* at 286-87.

However, the Government's application for writ of garnishment in *Ekong* is an entirely different enforcement mechanism than the Government's request to modify Foreman-Pottinger's

restitution payment schedule in the instant case. While the existence of a current payment schedule does not bar the Government from aggressively using writ of garnishment and other means of collection, the MVRA requires the Government to show that a "material change in the defendant's economic circumstances" has occurred before the Court may amend a restitution order's preexisting payment schedule. *See* 18 U.S.C. § 3664(k).

Because the Government never contested the payment schedule for restitution before or during sentencing and failed to present any evidence demonstrating that Foreman-Pottinger's financial circumstances have materially changed since sentencing as required pursuant to 18 U.S.C. § 3664(k) for the Court to adjust a defendant's restitution payment schedule, no increase is warranted.

According, **IT IS ORDERED** that the United States' request for an upward adjustment to Foreman-Pottinger's payment schedule for restitution is **DENIED**.

New Orleans, Louisiana, this 14th day of October, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE